NOT FOR PUBLICATION                                                                             CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOCKWOOD, | |
| Plaintiff, | Civil Case No. 07-753 (FSH) |
| v. | **OPINION and ORDER** |
| EAST ORANGE VAMC 561, et al., | Date: October 29, 2007 |
| Defendants. | |

**HOCHBERG, District Judge**

       This matter is before the Court upon Defendants' September 25, 2007 Motion to Dismiss for Lack of Subject Matter Jurisdiction or Alternatively for Failure to State a Claim ("Mot."). Plaintiff Lockwood appears pro se. Plaintiff's complaint states claims related to the Department of Veterans' Affairs's ("DVA") decision to reclassify him, thereby reducing his veterans' benefits, and to levy a debt against him. The Court lacks subject matter jurisdiction to proceed because 38 U.S.C. § 511(a) provides that jurisdiction over Plaintiff's claims lies solely with the Secretary of the DVA. Defendants' motion to dismiss is therefore granted.

I. Background

       On February 13, 2007 Plaintiff Donald Lockwood filed a complaint against East Orange Veterans Affairs Medical Center 561 ("VAMC"), the Department of the Treasury, and

the Social Security Administration.[1] Plaintiff's allegations are somewhat difficult to understand, but the crux of his complaint appears to be that his benefits have been improperly reduced and a debt improperly levied against him by the East Orange VAMC. (Compl. ¶ 5.)

The facts appear to be as follows: At the time of Plaintiff's initial report to the Veterans' Affairs ("VA") New Jersey Health Care system, he was determined to be in Category A. (See Declaration of Thomas K. Kennedy ("Kennedy Aff.") ¶ 4.) This determination meant that Plaintiff was not required to make co-payments for VA medical care. (Compl. ¶ 4 ("plaintiff, have never had to pay for any medical services to the 'VETERAN HOSPITAL'"); Kennedy Aff. ¶ 4.) The information that initially caused the DVA to classify Plaintiff as a Category A beneficiary was later cross-referenced with information in Plaintiff's claims folder and IRS records. (Kennedy Aff. ¶ 5.) This comparison indicated that Plaintiff was married and that his wife had income attributable to Plaintiff. (Id.) DVA's discovery of additional income led the DVA to reclassify Plaintiff from Category A to Category C, a change which required Plaintiff to make co-payments for medical care. (Id. ¶ 6.) In addition, the DVA "established a debt against the Plaintiff," the balance of which was withheld from Plaintiff's social security benefit checks pursuant to the Treasury Offset Program. (Id. ¶ 7.) Plaintiff disputes the validity of DVA's reclassification, denies that he is married, and seeks damages and reclassification to Category A. (Compl. ¶ 7.)

---

[1] Defendants argue that the real party in interest is the DVA, or, more specifically, the DVA New Jersey Healthcare System. (See Mot. at 1.) This point is not essential to resolution of the motion before the Court, however, because the Court lacks jurisdiction over the subject matter of Plaintiff's claims irrespective of whether Plaintiff has identified the proper defendant.

II. Standard

In general, when a party moves "[p]ursuant to [Federal] Rule [of Civil Procedure] 12(b)(1), the Court must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party." Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007) (citing Warth v. Seldin, 422 U.S. 490, 501 (1975)). In a facial challenge to subject matter jurisdiction under Rule 12(b)(1), the Court "must accept the allegations in the complaint as true, and disposition of the motion becomes purely a legal question." Sharawneh v. Gonzales, Civ. No. 07-683, 2007 WL 2684250, *1 (E.D. Pa. Sept. 10, 2007) (citing Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)). If the Court finds that it lacks subject matter jurisdiction, the Court must dismiss the action under Rule 12(h). See Fed. R. Civ. P. 12(h) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Plaintiff Lockwood, the nonmoving party, appears pro se. The Court must therefore be particularly careful in considering the sufficiency of Plaintiff's complaint. "In reviewing [Plaintiff's] complaint, we accept his allegations as true, liberally construe them in light of his pro se status, and determine whether they provide notice of a legally cognizable claim." Hairston v. Nash, No. 06-5219, 2007 WL 2390432, *1 (3d Cir. Aug. 23, 2007) (citing Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007)).

The essential facts relevant to this motion are not in dispute. All parties agree that Plaintiff's veterans' benefits have been reduced, and a debt levied against Plaintiff, by the DVA. (See Mot. at 2 ("Plaintiff seeks to have this Court review the DVA's decision to change his VA benefits classification, and the resulting debt that was established against him."); Compl. ¶ 5.) Plaintiff Lockwood's complaint may be read to suggest a statutory challenge to the DVA's

benefits determination. Plaintiff's complaint may also be read to state <u>Bivens</u> claims against the DVA and Thomas Kennedy, Senior Attorney for the Office of the Regional Counsel for the DVA, for constitutional due process violations arising from the reduction in Plaintiff's benefits and the subsequent garnishment to satisfy his debt to DVA. Ultimately, however, it is not the nature of the Plaintiff's claims, but rather the subject matter of those claims that is dispositive. Because Plaintiff's claims all arise from a benefits determination made by the Secretary of the DVA, even assuming the truth of Plaintiff's averments, this Court lacks jurisdiction to proceed.

### III. Analysis

#### 1. *Plaintiff's Non-Constitutional Claims*

As noted above, the essence of Plaintiff's complaint is a challenge to the DVA's benefits determination. The DVA determined that Plaintiff was properly classified as a Category C beneficiary, which required co-payments for VA medical care, rather than a Category A beneficiary, which did not require co-payments. Additionally, the DVA determined that Plaintiff's mis-classification created a debt, which the DVA sought to collect through garnishment of Plaintiff's social security benefits.

District courts are precluded by 38 U.S.C. § 511(a) from reviewing questions of law and fact that underlie such benefits determinations. Section 511 reads in relevant part:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a).  Section 511(b) provides four exceptions to this jurisdictional bar, none of which are relevant here.  See Broudy v. Mather, 460 F.3d 106, 112 n.4 (D.C. Cir. 2006) (discussing exceptions).

Section 511 does not bar every claim related to veterans' benefits from the district courts, however.  See, e.g., Broudy, 460 F.3d at 114 ("district courts have jurisdiction to consider questions arising under laws that affect the provision of benefits as long as the Secretary has not actually decided them in the course of a benefits proceeding").  For purposes of section 511, therefore, the key task is to "determine whether adjudicating [Plaintiff's] claim would require the district court 'to determine first whether the VA acted properly in handling' [Plaintiff's] benefits request."  Id. at 115 (emphasis removed) (quoting Thomas v. Principi, 394 F.3d 970, 974 (D.C. Cir. 2005)).

In the case at bar, Plaintiff is asking the Court to determine whether the VA acted properly in reclassifying him and in levying a debt against him.  Plaintiff's complaint therefore "ask[s] the District Court to revisit [a] decision made by the Secretary in the course of making benefits determinations."  Id. at 115.  In order to reach the merits of Plaintiff's claim, the Court would be required to review "questions of law and fact [that were] necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans . . . ."  38 U.S.C. § 511(a).  Section 511(a) clearly prohibits such a review of DVA determinations, and the Court is therefore without jurisdiction to consider Plaintiff's non-constitutional claims.  See Dambach, 211 F. App'x at 108 ("However, as described above, [plaintiffs] challenge earlier denials of a claim for benefits as well as related decisions on questions of fact and law. Such challenges are not within the purview of judicial review in the District Court.").

2. *Plaintiff's Constitutional Claims*

Plaintiff Lockwood's complaint also suggests due process violations arising from the DVA's decision to reduce his benefits and levy a debt against him.  Because Plaintiff seeks damages, the complaint may be fairly read to include Bivens claims against both the DVA and DVA attorney Thomas Kennedy for relief from the alleged deprivation of Plaintiff's constitutional due process rights.  Cf. Id. at 106 (discussing alleged due process violation and Bivens in context of denial of veterans benefits).

First, simply stated, "[a] Bivens action is not available against the United States or one of its agencies."  Id. at 107-108 (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001); FDIC v. Meyer, 510 U.S. 471, 486 & n.11 (1994); Jaffee v. United States, 592 F.2d 712, 717 (3d Cir.1979)).  To the extent that Plaintiff asserts a Bivens claim against an agency of the United States, the claim must therefore fail.

Similarly, courts in this circuit and elsewhere have held that a plaintiff challenging a DVA benefits determination may not bring a Bivens claim against individual DVA employees.  In general, this is because "courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms."  Sugrue v. Derwinski, 26 F.3d 8, 11 (2d Cir. 1994).  Therefore, "[a]lthough the Third Circuit has not ruled on the issue," the Court agrees with the many "'federal courts [in this and other Circuits that] have held repeatedly that they lack jurisdiction over constitutional challenges to [DVA] benefits decisions.'"  Duke v. United States, 305 F. Supp. 2d 478, 490 (E.D. Pa. 2004) (quoting Beamon v. Brown, 125 F.3d 965, 972 (6th Cir. 1997)); see also, e.g., Hassan v. U.S. Dept. of Veterans Affairs, 137 F. App'x 418, 420 (2d Cir. 2005); Sugrue, 26 F.3d 8; Hicks v. Veterans Admin., 961 F.2d 1367 (8th Cir. 1992); Mehrkens v. Blank, No. 05-1384, 2007 WL 2247576, *4 (D. Minn.

Aug 02, 2007); Cheves v. Dep't of Veterans Affairs, 227 F. Supp. 2d 1237, 1243 (M.D. Fla. 2002).

Plaintiff is not, however, without a remedy. As the Second Circuit has noted, "the scheme of review for veterans' benefit claims provides meaningful remedies in a multitiered and carefully crafted administrative process . . . ." Sugrue, 26 F.3d at 12-13.[2] Pursuant to 38 U.S.C. § 7104, a determination of the Secretary "shall be subject to one review on appeal to the Secretary. Final decisions on such appeals shall be made by the Board [of Veterans' Appeals]." In addition, "Congress has accorded frequent attention to the issue of judicial review of VA benefits determinations, and . . . in 1988 . . . it provide[d] for a limited form of review when it established the United States Court of Veterans Appeals, an Article I court authorized to review [Board of Veterans' Appeals] decisions." Id.; see also 38 U.S.C. § 7252 ("The Court of Appeals for Veterans['] Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals."). Decisions of the Court of Veterans' Appeals may then be appealed to the United States Court of Appeals for the Federal Circuit pursuant to 38 U.S.C. § 7292.

IV. Conclusion

38 U.S.C. § 511 precludes district court jurisdiction over a claim, such as Plaintiff's, seeking to challenge a benefits determination made by the Secretary of the Department of Veterans' Affairs.

**ACCORDINGLY IT IS** on this 29th day of October,

---

[2] The DVA has made available a pamphlet describing the steps a beneficiary must take in order to appeal a DVA decision. The pamphlet is available online from the DVA's website. See http://www.va.gov/vbs/bva/010202A.pdf.

**ORDERED** that Defendants' Motions to Dismiss is **GRANTED** and that Plaintiff's claims are **DISMISSED** for lack of subject matter jurisdiction; and it is further

**ORDERED** that this case is **CLOSED**.

/s/ Faith S. Hochberg

Hon. Faith S. Hochberg, U.S.D.J.